UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ANDREA PENA OLMOS,                    CASE NO.: 0:25-CV-62279

      Plaintiff,

vs.

MOSS & ASSOCIATES, LLC,

      Defendant.

_____/

## COMPLAINT

    Plaintiff, Andrea Pena Olmos, through her undersigned counsel and sues the Defendant,

Moss & Associates, LLC, as follows

### *Introduction*

1.    Ms. Pena Olmos files this lawsuit against her former employer to obtain recourse

for how it subjected her to relentless sexual harassment and explicit quid pro quo demands from

her direct supervisor, failed to take effective corrective action when she complained, and ultimately

retaliated against her by coercing her resignation after she suffered a workplace injury.

### *Parties, Jurisdiction, and Venue*

2.    Plaintiff, Andrea Pena Olmos, is an adult resident of St. Cloud, Florida, and is sui

juris.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

3.      Ms. Pena Olmos was, at all times material, a female/woman and a member of a class of persons protected from discrimination in employment under Title VII of the Civil Rights Act ("Title VII") and the Florida Civil Rights Act of 1992 ("FCRA").

4.      Defendant, Moss & Associates, LLC, is a Florida limited liability company that conducts business in this District and is an employer as defined by Title VII and the FCRA, with its principal place of business at 2101 North Andrews Avenue, Fort Lauderdale, Florida 33311.

5.      Defendant was and is responsible for the conduct, acts, and omissions of its officers, managers, supervisory personnel, and employees, including Dwayne Stewart, Johnathan Ross, Nicholas Wolfe, and Melissa Monverde, at all times material to this action.

6.      Defendant employed more than 50 people for 12 or more workweeks in each calendar year at issue in this lawsuit.

7.      This is an action for damages greater than $100,000, and this Court has jurisdiction over this matter

8.      This Court has original jurisdiction over Plaintiff's claims that arise under federal law, 42 U.S.C. § 2000e, et seq., under 28 U.S.C. § 1331, and supplemental/pendent jurisdiction over Plaintiff's related Florida state law claims under 28 U.S.C. § 1367.

9.      Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendant conducted business in this District and because many of the actions giving rise to this claim occurred within this District from Defendant's office in Fort Lauderdale, Broward County, Florida.

*Common Background Allegations*

8.      Defendant constructs solar energy fields on sites across Florida and Texas.

2

9.      Ms. Pena Olmos has worked for Defendant on and off since 2020.

10.     Defendant (re)hired Ms. Pena Olmos as a Lead/Laborer to work at the Terrill Creek project site on or about October 24, 2023.

11.     Ms. Pena Olmos's direct supervisor for her most recent work for the Defendant was Dwayne Stewart ("Stewart"), a Field Engineer.

12.     Ms. Pena Olmos was a satisfactory employee who performed her job duties as Lead/Laborer in a competent and professional manner, as confirmed by her merit pay increase in November 2023 and the CEO's acknowledgment of her work.

13.     Around October 25, 2023, Stewart started making unwanted advances toward Ms. Pena Olmos.

14.     Stewart's unwanted advances included propositioning Ms. Pena Olmos and sending her unsolicited text messages about plans he had to "spend time" together, immediately after she checked into her hotel to work at a remote job site.

15.     Stewart sent messages to Ms. Pena Olmos to follow up on his propositioning her:

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com



135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com







16.    Stewart's harassment and mistreatment of Ms. Pena Olmos was so severe and pervasive that it altered the terms and conditions of her employment, such as by engaging in the following:

a.  Explicit Quid Pro Quo: Stewart told Ms. Pena Olmos that if she wanted to advance within the Defendant's company, she would have to "spend time with him," which he confirmed meant sex.

b.  Hostile Work Environment: Stewart would yell at Ms. Pena Olmos, throw papers at her face, and single her out for harsh treatment, while treating male employees and other female employees he supervised differently (better) because they had not refused his advances.

c.  Graphic Harassment: While Ms. Pena Olmos was performing her job duties in remote areas, often alone, Stewart would approach her seemingly out of nowhere, use his phone to "translate" what he wanted to say, and then show her his phone, on which he would display pictures of naked women and other pornographic or suggestive material instead of English-Spanish translations.

6

d. <u>Physical Harassment/Threats</u>: Stewart continued to make unwanted advances towards Ms. Pena Olmos, including by showing up suddenly and unannounced in remote areas while she was working alone (without cell service or anyone else in earshot), startling her to the point that she fell and injured her elbow on December 22, 2023. Ms. Pena Olmos was genuinely fearful that, due to the remote nature of the site and lack of cell service/Wi-Fi, Stewart would physically assault or rape her, a fear exacerbated by his prior behavior and the Defendant's failure to address her prior concerns/complaints about his conduct.

17.    Ms. Pena Olmos engaged in protected activity by reporting Stewart's conduct multiple times, including:

a. During the first week of November 2023, she reported the Quid Pro Quo demands and harassment to Johnathan Ross ("Ross" or "JT"), Stewart's direct supervisor, by telephone through an interpreter. Ross told Ms. Pena Olmos that she was not the first to complain about Stewart, that he related to Ms. Pena Olmos because his wife also works in the construction industry and had also been a victim of sexual harassment in the workplace, that Ms. Pena Olmos would no longer have to take orders from Stewart, and that he would remove Stewart from the site, but he never did.

b. In November 2023, she also reported the harassment to Kylie Towson/Thompson in the safety office, who stated she would create a report, but no action was taken.

c. After these reports, when nothing changed, she again reported the continued harassment to Ross, who again failed to take effective corrective action.

18.    The harassment and Stewart's attempts to coerce sex for career advancement continued unabated after Ms. Pena Olmos's reports.

19.    When Ms. Pena Olmos declined and made it clear she wanted only a cordial workplace relationship, Stewart became angry and hostile, triggering a pattern of retaliation and mistreatment of her because she declined his advances.

20.    Ms. Pena Olmos injured herself at work on December 22, 2023, while working alone in a remote area with no co-workers and little to no cellphone coverage, and due to working

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

in fear that Stewart would approach her out of nowhere with no one around to help or intervene.

21.     Around this time, she once again reported to Ross that Stewart was harassing her and showed him a sexually harassing text message that Stewart had sent her.

22.     On or about December 29, 2023, after Ms. Pena Olmos returned to work after being injured at work, Stewart approached her car, handed her a key to his hotel room, and offered her a massage.

23.     Stewart made this final, sexually predatory advance in the presence of other employees of Defendant, including Sofia Nava.

24.     Ms. Pena Olmos left permanently on December 29, 2023, due to Stewart's continued sexually harassing her, his unchecked conduct that created an intolerable work environment, and her concerns of being violated based on the work environment created by Stewart and condoned by Defendant's inaction.

25.     On or about January 2, 2024, Human Resources Manager Melissa Monverde ("Monverde") finally called Ms. Pena Olmos to discuss the situation.

26.     During this call, Monverde acknowledged that Stewart had made uncomfortable propositions towards Ms. Pena Olmos in the past.

27.     Instead of offering adequate assurance of a remedy, Monverde told Ms. Pena Olmos that she should "stay quiet" because it would be "worse" for her to pursue the issue further.

28.     This conversation, wherein Monverde instructed Ms. Pena Olmos to remain silent about the unlawful harassment, constitutes an independent act of retaliation and reinforces the Defendant's pattern of failing to take appropriate corrective action.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

29.     On or about January 15 or 16, 2024, Monverde again called Ms. Pena Olmos and instructed her to send an email stating that she was resigning because the site was ending soon, as an attempt to fabricate a non-discriminatory reason for Ms. Pena Olmos's separation from the company.

30.     Ms. Pena Olmos declined to send an email resigning from her employment with the Defendant

31.     Although Defendant terminated the employment of Stewart in January 2024 and Ross in February 2024, these actions occurred only after Ms. Pena Olmos was forced to leave the job site due to unchecked harassment, after Monverde instructed Ms. Pena Olmos to stay quiet, and after Monverde instructed Ms. Pena Olmos to resign.

32.     As a direct result of Ms. Pena Olmos rejecting Stewart's sexual advances and reporting his harassment of her, she was subjected to hostilities not directed at other employees, did not receive the promotion (which she was to receive), lost income, was required to perform more menial tasks, and was ultimately separated from her employment.

33.     All conditions precedent were performed by Ms. Pena Olmos, occurred, or were waived by the Defendant, including through her dual filing her Charge of Discrimination with the EEOC and the FCHR on June 11, 2024.

34.     More than 180 days have elapsed since the filing of Plaintiff's Charge of Discrimination.

35.     Ms. Pena Olmos agreed to pay her counsel a reasonable attorney's fee for all services rendered.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

## COUNT I – SEXUAL HARASSMENT / HOSTILE WORK ENVIRONMENT
## <u>IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT</u>

Plaintiff, Andrea Pena Olmos, reincorporates and realleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

36.     Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e, et seq., by subjecting Ms. Pena Olmos to a hostile work environment based on her sex/gender – female.

37.     Defendant was at all times material the "employer" of Ms. Pena Olmos, as the term is defined by the Civil Rights Act, 42 U.S.C. § 2000e(1).

38.     Ms. Pena Olmos was at all times material an "employee" of Defendant, as the term is defined by the Civil Rights Act, 42 U.S.C. § 2000e(f).

39. Title VII of the Civil Rights Act provides as follows:

(a)Employer practices

It shall be an unlawful employment practice for an employer–

> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S. Code § 2000e–2.

40.     Defendant engaged in unlawful employment practices prohibited by 42 U.S.C.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

§2000e, et seq., by subjecting Ms. Pena Olmos to a hostile work environment based on her sex/gender—female.

41.     Ms. Pena Olmos was subjected to unwelcome, offensive, and harassing discriminatory conduct that was directed at and perpetuated against her because of her sex/gender (female).

42.     The harassment Ms. Pena Olmos endured at work for Defendant was severe and pervasive, as it included explicit quid pro quo demands for sex in exchange for career advancement, frequent verbal abuse, exposure to pornography and suggestive imagery in the workplace, and physical intimidation that resulted in a workplace injury and fear of sexual assault, and altered the terms and conditions of her employment.

43.     The harassment that Ms. Pena Olmos endured at work for Defendant was sufficiently severe and/or pervasive that it altered the terms and conditions of her employment.

44.     Ms. Pena Olmos did nothing to welcome the conduct; she found it offensive, rejected Stewart's advances, and complained about his conduct to Defendant.

45.     The Defendant's conduct—both Stewart's direct harassment and the failure of management (Ross) and HR (Monverde) to take prompt, effective corrective action—created a hostile work environment and constituted discrimination based on Ms. Pena Olmos's sex in violation of Title VII.

46.     Although Defendant knew or reasonably should have known of the harassment that Ms. Pena Olmos endured, it failed to take appropriate corrective action to protect her from the harassing conduct and instead required her to continue working with (and thereby being subjected

11

to harassing conduct by) Stewart.

47.     Defendant knew or reasonably should have known of the harassment of Ms. Pena Olmos when she first reported her concerns about Stewart to Ross and Towson in November 2023.

48.     Moreover, the Defendant was charged with knowledge Stewart's sexual harassment of Ms. Pena Olmos by virtue of his position within the Defendant's company.

49.     Despite this knowledge, Defendant failed to take appropriate corrective action to protect Ms. Pena Olmos from the harassing conduct and to address Stewart's inappropriate workplace conduct with him.

50.     Stewart's conduct continued for weeks after the initial report, during which it escalated, until culminating with the explicit hotel room proposition in late December 2023, thereby requiring Ms. Pena Olmos to endure a physically and emotionally draining and threatening environment.

51.     As a direct and proximate result of Defendant's intentional discriminatory conduct in violation of Title VII, Ms. Pena Olmos has suffered and will continue to suffer financial and economic damages in the form of lost wages (front and back pay) and lost benefits. She also suffered and will continue to suffer emotional distress, mental anguish, loss of dignity, and other intangible damages.

52.     Ms. Pena Olmos demands recovery of her economic damages, including lost wages, back pay, all interest allowed by law, front pay, the value and/or economic impact of lost benefits, and all compensatory damages for the economic and non-economic damages she suffered.

53.     Defendant's actions were knowing, intentional, willful, malicious, and in reckless

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

disregard of Ms. Pena Olmos's rights under Title VII, warranting the imposition of punitive damages.

54.     Ms. Pena Olmos further seeks to recover her attorney's fees and costs as permitted by law.

WHEREFORE Plaintiff, Andrea Pena Olmos, demands the entry of a judgment in her favor and against Defendant, Moss & Associates, LLC, after a trial by jury, declaring that Defendant violated Title VII of the Civil Rights Act in discriminating against and harassing her because of her sex, awarding her compensatory damages, including the loss of income in the past and in the future, lost benefits, seniority rights, for mental anguish, loss of dignity, other intangible injuries, for punitive damages, granting her a permanent injunction against Defendant from engaging in retaliatory employment practices, reinstating and promoting Plaintiff to the position to which she should be holding, all interest allowed by law, and awarding her taxable costs and attorney's fees.

COUNT II – RETALIATION IN VIOLATION OF
TITLE VII OF THE CIVIL RIGHTS ACT

Plaintiff, Andrea Pena Olmos, reincorporates and realleges paragraphs 1 through 35 as though set forth fully herein and further alleges as follows:

55.     Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e, et seq., by retaliating against Ms. Pena Olmos for reporting workplace sexual harassment.

56.     Defendant was at all times material the "employer" of Ms. Pena Olmos, as the term is defined by the Civil Rights Act, 42 U.S.C. § 2000e(1).

57.     Ms. Pena Olmos was at all times material an "employee" of Defendant, as the term

13

is defined by the Civil Rights Act, 42 U.S.C. § 2000e(f).

58.     Title VII of the Civil Rights Act makes it unlawful to retaliate against an employee because she "opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

59.     Ms. Pena Olmos complained to the Defendant about the harassment she endured at work because she is a woman/female.

60.     Ms. Pena Olmos engaged in protected activity by opposing and complaining about Stewart's sexually harassing conduct and quid pro quo demands to Ross and Towson in November 2023, and to Human Resources Manager Monverde in January 2024.

61.     Although Defendant knew or reasonably should have known of the harassment that Ms. Pena Olmos endured, it failed to take appropriate corrective action to protect her from the harassing conduct.

62.     Worse, Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e, et seq., by retaliating against Ms. Pena Olmos for engaging in protected activity.

63.     Defendant not only failed to protect Ms. Pena Olmos or prevent her from being subjected to more harassing, demeaning, and threatening conduct perpetrated by Stewart because of her sex, but it also retaliated against her by requiring that she continue to endure the harassing and threatening conduct perpetrated by Stewart by terminating her employment.

64.     Defendant took several adverse actions against Ms. Pena Olmos because she engaged in protected activity, including:

14

    a.   Denying her the promotion discussed by the CEO in November 2023;

    b.   Subjecting her to an ongoing, uncorrected hostile work environment after her complaints;

    c.   Having its Human Resources Manager, Monverde, instruct Ms. Pena Olmos to "stay quiet" about the harassment on January 2, 2024; and

    d.   Constructively discharging Ms. Pena Olmos by creating an intolerable working environment that forced her to leave on December 29, 2023, and/or instructing her to submit a letter of resignation in January 2024.

65.    There is a causal link between Ms. Pena Olmos's protected activity and the adverse actions taken against her.

    a.   The Defendant denied Ms. Pena Olmos' promotion shortly after she rejected Stewart's quid pro quo demand(s).

    b.   The hostile work environment escalated and continued due to Defendant's deliberate failure to act on Ms. Pena Olmos' complaints.

    c.   HR's instructions to Ms. Pena Olmos to "stay quiet" and later resign were in direct response to, and an attempt to shut down, her complaints of sexual harassment.

66.    Defendant treated Ms. Pena Olmos differently from others who engaged in similar conduct as her because she complained about being sexually harassed at work when the others did not.

67.    The retaliation that Ms. Pena Olmos suffered started within a short while after she started complaining to Defendant about the harassment she suffered at work.

68.    As a direct and proximate result of Defendant's intentional discriminatory conduct in violation of Title VII, Ms. Pena Olmos has suffered and will continue to suffer financial and economic damages in the form of lost wages (front and back pay) and lost benefits. She also

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

suffered and will continue to suffer emotional distress, mental anguish, loss of dignity, and other intangible damages.

69.     Ms. Pena Olmos demands recovery of her economic damages, including lost wages, back pay, all interest allowed by law, front pay, the value and/or economic impact of lost benefits, and all compensatory damages for the economic and non-economic damages she suffered.

70.     Defendant's actions were knowing, intentional, willful, malicious, and in reckless disregard of Ms. Pena Olmos's rights under Title VII, warranting the imposition of punitive damages.

71.     Ms. Pena Olmos further seeks to recover her attorney's fees and costs as permitted by law.

WHEREFORE Plaintiff, Andrea Pena Olmos, demands the entry of a judgment in her favor and against Defendant, Moss & Associates, LLC, after a trial by jury, declaring that Defendant violated Title VII of the Civil Rights Act in retaliating against her because she engaged in protected activity, awarding her compensatory damages, including the loss of income in the past and in the future, lost benefits, seniority rights, for mental anguish, loss of dignity, other intangible injuries, for punitive damages, granting her a permanent injunction against Defendant from engaging in retaliatory employment practices, reinstating and promoting Plaintiff to the position to which she should be holding, all interest allowed by law, and awarding her taxable costs and attorney's fees.

## COUNT III – SEXUAL HARASSMENT / HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

Plaintiff, Andrea Pena Olmos, reincorporates and realleges paragraphs 1 through 35 as though

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

set forth fully herein and further alleges as follows:

72.     The Florida Civil Rights Act of 1992 ("FCRA") makes it unlawful for an employer such as the Defendant to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment because of that individual's sex or gender.

73.     The FCRA, Fla. Stat. §760.10 (7), states in pertinent part as follows:

It is an unlawful employment practice for an employer, an employment agency, a joint labor management committee, or a labor organization to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section.

74.     Defendant was, at all times material to this action, a "person" and/or an "employer" that was and remains subject to the Florida Civil Rights Act of 1992 by employing more than 15 people for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

75.     The FCRA prohibits Defendant from making employment decisions or from taking personnel actions affecting the terms, conditions, and/or privileges of employment based upon sex/gender consideration.

76.     The FCRA allows a prevailing employee to obtain an order prohibiting Defendant from engaging in its discriminatory practice(s) and providing affirmative relief from the effects of the practice(s), to recover back pay, compensatory damages, damages for mental anguish, loss of dignity, and any other intangible injuries, and punitive damages. Fla. Stat. §760.11(5).

77.     Ms. Pena Olmos was subjected to unwelcome, offensive, and harassing discriminatory conduct that was directed at and perpetuated against her because of her sex/gender

17

(female).

78.     Defendant discriminated against Ms. Pena Olmos by subjecting her to and failing to adequately protect her from sexually harassing conduct from Stewart, despite either knowing about the offensive conduct or reasonably knowing through the exercise of due diligence about the offensive conduct.

79.     The acts of sex discrimination and harassment complained of herein were done on account of Ms. Pena Olmos's sex.

80.     The acts of sex discrimination and harassment complained of herein were unwelcome and offensive to Ms. Pena Olmos.

81.     Ms. Pena Olmos was subject to unwelcome, offensive, and harassing discriminatory conduct during her employment, and this conduct was directed to and perpetuated upon her because of her sex/gender.

82.     The harassment that Ms. Pena Olmos endured at work for Defendant was sufficiently severe and/or pervasive that it altered the terms and conditions of her employment.

83.     The harassment Ms. Pena Olmos endured at work for Defendant was severe and pervasive, as it included explicit quid pro quo demands for sex in exchange for career advancement, frequent verbal abuse, exposure to pornography and suggestive imagery in the workplace, and physical intimidation that resulted in a workplace injury and fear of sexual assault, and altered the terms and conditions of her employment.

84.     The Defendant's conduct—both Stewart's direct harassment and the failure of management (Ross) and HR (Monverde) to take prompt, effective corrective action—created a

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

hostile work environment and constituted discrimination based on Ms. Pena Olmos's sex in violation of the FCRA.

85.     The Defendant knew or reasonably should have known of the harassment of Ms. Pena Olmos when she first reported her concerns about Stewart to Ross and Towson in November 2023.

86.     Moreover, the Defendant was charged with knowledge Stewart's sexual harassment of Ms. Pena Olmos by virtue of his position within the Defendant's company.

87.     Despite this knowledge, Defendant failed to take appropriate corrective action to protect Ms. Pena Olmos from the harassing conduct and to address Stewart's inappropriate workplace conduct with him.

88.     Stewart's conduct continued for weeks after the initial report, during which it escalated, until culminating with the explicit hotel room proposition in late December 2023, thereby requiring Ms. Pena Olmos to endure a physically and emotionally draining and threatening environment.

89.     As a direct and proximate result of Defendant's intentional discriminatory conduct in violation of the FCRA, Ms. Pena Olmos has suffered and will continue to suffer financial and economic damages in the form of lost wages (front and back pay) and lost benefits. She also suffered and will continue to suffer emotional distress, mental anguish, loss of dignity, and other intangible damages.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

90.     Ms. Pena Olmos demands recovery of her economic damages, including lost wages, back pay, all interest allowed by law, front pay, the value and/or economic impact of lost benefits, and all compensatory damages for the economic and non-economic damages she suffered.

91.     Defendant's actions were knowing, intentional, willful, malicious, and in reckless disregard of Ms. Pena Olmos's rights under the FCRA, warranting the imposition of punitive damages.

92.     Ms. Pena Olmos further seeks to recover her attorney's fees and costs as permitted by law.

WHEREFORE Plaintiff, Andrea Pena Olmos, demands the entry of a judgment in her favor and against Defendant, Moss & Associates, LLC, after a trial by jury, declaring that Defendant violated the Florida Civil Rights Act in discriminating against and harassing her because of her sex, awarding her compensatory damages, including the loss of income in the past and in the future, lost benefits, seniority rights, for mental anguish, loss of dignity, other intangible injuries, for punitive damages, granting her a permanent injunction against Defendant from engaging in retaliatory employment practices, reinstating and promoting Plaintiff to the position to which she should be holding, all interest allowed by law, and awarding her taxable costs and attorney's fees.

## COUNT IV – RETALIATION IN VIOLATION OF
## THE FLORIDA CIVIL RIGHTS ACT

Plaintiff, Andrea Pena Olmos, reincorporates and realleges paragraphs 1 through 35 as though set forth fully herein and further alleges as follows:

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

93.     The FCRA, Fla. Stat. §760.10(7), prohibits an employer from discriminating against any person because that person has opposed any unlawful employment practice under the section.

94.     Ms. Pena Olmos complained to her employer about the harassment she endured at work because she is a female.

95.     Ms. Pena Olmos engaged in protected activity by opposing and complaining about Stewart's sexually harassing conduct and quid pro quo demands to Ross and Towson in November 2023, and to Human Resources Manager Monverde in January 2024.

96.     Although Defendant knew or reasonably should have known of the harassment that Ms. Pena Olmos endured, it failed to take appropriate corrective action to protect her from the harassing conduct.

97.     Worse, Defendant engaged in unlawful employment practices prohibited by the FCRA by retaliating against Ms. Pena Olmos for engaging in protected activity.

98.     Defendant not only failed to protect Ms. Pena Olmos or prevent her from being subjected to more harassing, demeaning, and threatening conduct perpetrated by Stewart because of her sex, but it also retaliated against her by requiring that she continue to endure the harassing and threatening conduct perpetrated by Stewart.

99.     Defendant took several adverse actions against Ms. Pena Olmos because she engaged in protected activity, including:

a.  Denying her the promotion discussed by the CEO in November 2023;

b.  Subjecting her to an ongoing, uncorrected hostile work environment after and despite her complaints;

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

    c. Having its Human Resources Manager, Monverde, instruct Ms. Pena Olmos to "stay quiet" about the harassment on January 2, 2024; and

    d. Constructively discharging Ms. Pena Olmos by creating an intolerable working environment that forced her to leave on December 29, 2023, and/or instructing her to submit a letter of resignation in January 2024.

100. There is a causal link between Ms. Pena Olmos's protected activity and the adverse actions taken against her.

    a. The Defendant denied Ms. Pena Olmos' promotion shortly after she rejected Stewart's quid pro quo demand(s).

    b. The hostile work environment escalated and continued due to Defendant's deliberate failure to act on Ms. Pena Olmos' complaints.

    c. HR's instructions to Ms. Pena Olmos to "stay quiet" and later resign were in direct response to, and an attempt to shut down, her complaints of sexual harassment.

101. Defendant treated Ms. Pena Olmos differently from others who engaged in similar conduct as her because she complained about being sexually harassed at work when the others did not.

102. The retaliation that Ms. Pena Olmos suffered started within a short while after she started complaining to Defendant about the harassment she suffered at work.

103. As a direct and proximate result of Defendant's intentional retaliatory conduct in violation of the FCRA, Ms. Pena Olmos has suffered and will continue to suffer financial and economic damages in the form of lost wages (front and back pay) and lost benefits. She also suffered and will continue to suffer emotional distress, mental anguish, loss of dignity, and other intangible damages.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

104.     Ms. Pena Olmos demands recovery of her economic damages, including lost wages, back pay, all interest allowed by law, front pay, the value and/or economic impact of lost benefits, and all compensatory damages for the economic and non-economic damages she suffered recovery of her economic damages, including lost wages, back pay, all interest allowed by law, front pay, the value and/or economic impact of lost benefits, and all compensatory damages for the economic and non-economic damages she suffered.

105.     Defendant's actions were knowing, intentional, willful, malicious, and in reckless disregard of Ms. Pena Olmos's rights under the FCRA, warranting the imposition of punitive damages.

106.     Ms. Pena Olmos further seeks to recover her attorney's fees and costs as permitted by law.

WHEREFORE Plaintiff, Andrea Pena Olmos, demands the entry of a judgment in her favor and against Defendant, Moss & Associates, LLC, after a trial by jury, declaring that Defendant violated the Florida Civil Rights Act in retaliating against her because she engaged in protected activity, awarding her compensatory damages, including the loss of income in the past and in the future, lost benefits, seniority rights, for mental anguish, loss of dignity, other intangible injuries, for punitive damages, granting her a permanent injunction against Defendant from engaging in retaliatory employment practices, reinstating and promoting Plaintiff to the position to which she should be holding, all interest allowed by law, and awarding her taxable costs and attorney's fees.

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff, Andrea Pena Olmos, demands a trial by jury of all issues so triable.

23

Respectfully submitted this <u>11th</u> day of November 2025,

<u>Brian H. Pollock, Esq.</u>
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:     305.230.4884
Counsel for Plaintiff
