UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:25-CV-62279-DAMIAN/VALLE

ANDREA PENA OLMOS,

    Plaintiff,

v.

MOSS & ASSOCIATES, LLC,

    Defendant.
_____/

## **MOSS & ASSOCIATES, LLC'S ANSWER AND DEFENSES**

Defendant Moss & Associates, LLC ("Moss") hereby answers and asserts its defenses to the Complaint filed by Plaintiff Andrea Pena Olmos as follows:

*Introduction*[1]

1. Paragraph 1 contains a summary of Pena Olmos's position of the case to which no response is required. To the extent any response is required, Moss denies the allegations contained in Paragraph 1.

*Parties, Jurisdiction, and Venue*

2. Moss is without sufficient knowledge to admit or deny the allegations contained in Paragraph 2, and, therefore, denies the allegations contained in Paragraph 2.

3. Moss admits that Pena Olmos identified as a woman in the employment paperwork she completed with Moss. Moss is otherwise without sufficient knowledge to admit or deny the

---

[1] Moss denies any factual allegations embedded in the headings of the Complaint; such headings are repeated herein only for the purpose of ease of reference.

1

allegations contained in Paragraph 3, and, therefore, denies the allegations contained in Paragraph 3.

4. Moss admits that it is a Florida limited liability company that conducts business in Florida. Moss also admits that it is an employer as defined by Title VII and the Florida Civil Rights Act. Moss denies the remaining allegations contained in Paragraph 4.

5. Denied.

6. Admitted.

7. Moss admits the allegations in this paragraph for jurisdictional purposes only; otherwise, Moss denies that Pena Olmos is entitled to any damages sought in Paragraph 7 and denies the remaining allegations contained in Paragraph 7.

8. Admitted.

9. Moss admits that venue is proper in the Southern District of Florida because Moss's principal place of business is located in Fort Lauderdale, Florida. Moss denies the remaining allegations contained in Paragraph 9.

*Common Background Allegations*

8. Admitted.[2]

9. Admitted.

10. Moss admits that it hired Pena Olmos as a laborer for the Terrill Creek project site in October 2023.

11. Denied.

12. Admitted.

---

[2] Plaintiff's Complaint contains a scrivener's error in that it restarts at Paragraph 8 following the "Common Background Allegations" section. To avoid confusion, Moss maintained Plaintiff's numbering scheme, including the scrivener's error.

13. Moss is without sufficient knowledge to admit or deny the allegations contained in Paragraph 13, and, therefore, denies the allegations contained in Paragraph 13.

14. Moss is without sufficient knowledge to admit or deny the allegations contained in Paragraph 14, and, therefore, denies the allegations contained in Paragraph 14.

15. Moss is without sufficient knowledge to admit or deny the allegations contained in Paragraph 15, and, therefore, denies the allegations contained in Paragraph 15.

16. Denied, including subparagraphs (a) through (d).

17. Denied, including subparagraphs (a) through (c).

18. Moss is without sufficient knowledge to admit or deny the allegations contained in Paragraph 18, and, therefore, denies the allegations contained in Paragraph 18.

19. Moss is without sufficient knowledge to admit or deny the allegations contained in Paragraph 19, and, therefore, denies the allegations contained in Paragraph 19.

20. Moss admits that Pena Olmos was involved in a workplace injury in December 2023. Moss denies the remaining allegations contained in Paragraph 20.

21. Moss admits that Pena Olmos complained to Ross sometime in late December 2023 about Stewart. Moss denies the remaining allegations contained in Paragraph 21.

22. Moss is without sufficient knowledge to admit or deny the allegations contained in Paragraph 22, and, therefore, denies the allegations contained in Paragraph 22.

23. Moss is without sufficient knowledge to admit or deny the allegations contained in Paragraph 23, and, therefore, denies the allegations contained in Paragraph 23.

24. Denied.

25. Moss admits that Melissa Monteverde called and spoke with Pena Olmos in early January 2024 about her complaints related to Stewart, among other things. Moss denies any remaining allegations or characterizations contained in Paragraph 25.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Moss is without sufficient knowledge to admit or deny the allegations contained in Paragraph 30, and, therefore, denies the allegations contained in Paragraph 30.

31. Moss admits that Stewart was terminated in January 2024. The remaining allegations contained in Paragraph 31 are denied.

32. Denied.

33. Denied.

34. Admitted.

35. Moss is without sufficient knowledge to admit or deny the allegations contained in Paragraph 35, and, therefore, denies the allegations contained in Paragraph 35.

COUNT I – SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT
IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

Moss incorporates its answers to Paragraphs 1 through 35 as though fully set forth herein.

36. Denied.

37. Admitted.

38. Admitted.

39. Paragraph 39 contains a legal conclusion/statement to which no response is required.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Moss denies that Pena Olmos is entitled to any of the relief demanded in Paragraph 52.

53. Denied.

54. Moss denies that Pena Olmos is entitled to the relief demanded in Paragraph 54.

Moss denies that Pena Olmos is entitled to any of the relief requested in the unnumbered paragraph commencing with "WHEREFORE" following Paragraph 54. Moss denies any additional allegations contained in this paragraph.

### COUNT II – RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

Moss incorporates its answers to Paragraphs 1 through 35 as though fully set forth herein.

55. Denied.

56. Admitted.

57. Admitted.

58. Paragraph 58 contains a legal conclusion to which no response is required.

59. Moss admits that Pena Olmos made a complaint to Moss in late December 2023; otherwise, denied.

60. Moss admits that Pena Olmos made a complaint to Moss in late December 2023, which was followed up on by Monteverde in January 2024; otherwise, denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied, including subparagraphs (a) through (d).

65. Denied, including subparagraphs (a) through (d).

66. Denied.

67. Denied.

68. Denied.

69. Moss denies that Pena Olmos is entitled to any of the relief demanded in Paragraph 69.

70. Denied.

71. Moss denies that Pena Olmos is entitled to any of the relief demanded in Paragraph 71.

Moss denies that Pena Olmos is entitled to any of the relief requested in the unnumbered paragraph commencing with "WHEREFORE" following Paragraph 71. Moss denies any additional allegations contained in this paragraph.

## COUNT III – SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

Moss incorporates its answers to Paragraphs 1 through 35 as though fully set forth herein.

72. Paragraph 72 contains a legal conclusion to which no response is required.

73. Paragraph 73 contains a legal conclusion to which no response is required.

74. Admitted.

75. Paragraph 75 contains a legal conclusion to which no response is required.

76. Paragraph 76 contains a legal conclusion to which no response is required.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Moss denies that Pena Olmos is entitled to any of the relief demanded in Paragraph 90.

91. Denied.

92. Moss denies that Pena Olmos is entitled to any of the relief demanded in Paragraph 92.

Moss denies that Pena Olmos is entitled to any of the relief requested in the unnumbered paragraph commencing with "WHEREFORE" following Paragraph 92. Moss denies any additional allegations contained in this paragraph.

COUNT VI – RETALIATION IN VIOLATION OF
THE FLORIDA CIVIL RIGHTS ACT

Moss incorporates its answers to Paragraphs 1 through 35 as though fully set forth herein.

93. Paragraph 93 contains a legal conclusion to which no response is required.

94. Moss admits that Pena Olmos made a complaint to Moss in late December 2023; otherwise, denied.

95. Moss admits that Pena Olmos made a complaint to Moss in late December 2023; otherwise, denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied, including subparagraphs (a) through (d).

100. Denied, including subparagraphs (a) through (c).

101. Denied.

102. Denied.

103. Denied.

104. Moss denies that Pena Olmos is entitled to any of the relief demanded in Paragraph 104.

105. Denied.

106. Moss denies that Pena Olmos is entitled to any of the relief demanded in Paragraph 106.

Moss denies that Pena Olmos is entitled to any of the relief requested in the unnumbered paragraph commencing with "WHEREFORE" following Paragraph 106. Moss denies any additional allegations contained in this paragraph.

Moss admits that Pena Olmos has demanded a jury trial as to her claims but denies that Pena Olmos is entitled to a jury trial on any issue not so triable.

## **GENERAL DENIAL**

To the extent any additional allegations in the Complaint require any additional response, Moss denies anything alleged but not otherwise responded to in the foregoing responses and denies that Pena Olmos is entitled to any of the relief she seeks from Moss.

## **AFFIRMATIVE AND LEGAL DEFENSES**

Moss pleads the following legal and affirmative defenses and reserves its right to assert additional affirmative defenses to the extent that such defenses become known through discovery or otherwise:

1. The Complaint fails to state a claim upon which relief can be granted.

2. Pena Olmos's claims are premature because she has not received a right to sue notice from the Equal Employment Opportunity Commission and/or the Florida Commission on Human Relations.

3. To the extent Pena Olmos failed to exhaust her administrative remedies, her claims are barred in whole or part.

4. To the extent Pena Olmos has failed to fulfill any condition precedent to an action under Title VII or the Florida Civil Rights Act, her claims are barred in whole or part.

5. To the extent Pena Olmos failed to timely submit a charge to the Equal Employment Opportunity Commission or Florida Commission on Human Relations, such complaints are barred by her failure to file a timely charge as to such matters, such administrative charge being a condition precedent to suit.

6. To the extent Pena Olmos raises issues which are not like or related to her charge of discrimination as dual filed with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations and on which she has received a right to sue letter, she cannot pursue her claims under Title VII or the FCRA.

7. Moss denies any actual knowledge of the alleged harassment of Pena Olmos until late December 2023 when it took immediate corrective action.

8. Moss states that prior to the alleged incidents, it had in place policies prohibiting harassment based on sex, which were communicated effectively and included adequate reporting and response procedures.

9. Any harassment by Stewart occurred outside the course and scope of his employment by Moss, was in violation of Moss's policies, was not condoned by Moss, and was not undertaken with the knowledge or consent of Moss. Accordingly, Moss is not liable to Pena Olmos for such conduct, if it occurred.

10. No conduct by Moss was the proximate cause of, or had any causal connection with, the injuries alleged by Pena Olmos.

11. Pena Olmos is not entitled to a jury trial to determine whether she is entitled to back pay, front pay, and/or reinstatement, or the amount of such relief if awarded.

12. The Seventh and Fourteenth Amendments to the United States Constitution prohibit a jury from determining Moss's liability and/or damages on any equitable claim, including for reinstatement or front pay.

13. Pena Olmos's claims for relief are barred to the extent Pena Olmos failed to mitigate her damages.

14. All employment actions affecting Pena Olmos were based on legitimate, non-discriminatory reasons. Alternatively, Moss would have taken the same employment actions despite any proven discriminatory motive.

15. At all times relevant to this action, Moss's actions were in good faith with regard to Pena Olmos, and Moss had reasonable grounds for believing those actions were not in violation of any law.

16. Pena Olmos is not entitled to punitive damages because Moss's conduct was not willful or wanton.

17. Without accepting the burden of proof on this matter, Moss states that Pena Olmos is not entitled to some or all of the relief requested in her Complaint because Moss's actions were not malicious, egregious, in bad faith, or in willful or reckless indifference to any legal right of Pena Olmos. Any employment actions taken by Moss as to Pena Olmos were based upon Pena Olmos's actual conduct or performance and the neutral application of Moss's policies and procedures or performance standards.

18. Any recovery by Pena Olmos must be reduced to the extent Pena Olmos received benefits from collateral sources or other setoff or recoupments.

## PRAYER

Moss, having fully answered the Complaint, states as follows:

1. The Complaint should be dismissed with prejudice;

2. Moss should be awarded its reasonable costs; and

3. Moss should be awarded any such other and further general relief to which the Court finds Moss is entitled.

Dated: December 22, 2025

                                              Respectfully Submitted,

*/s/ Diana N. Evans*
Diana N. Evans (Fla. Bar No. 98945)
Kaila B. Preston (Fla. Bar No. 1039120)
**BRADLEY ARANT BOULT CUMMINGS LLP**
1001 Water Street, Suite #1000
Tampa, FL 33602
T: (813) 559-5500 | F: (813) 229-5946
Primary Email:  dnevans@bradley.com
Primary Email:  kpreston@bradley.com
Secondary Email:  tabennett@bradley.com
Secondary Email:  mphilippe@badley.com

*Counsel for Defendant Moss & Associates, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed on December 22, 2025, using the Court's CM/ECF System which will send electronic notification to all counsel of record.

/s/ Diana N. Evans
Diana N. Evans
*Attorney for Defendant Moss & Associates, LLC*