UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:25-CV-62279-DAMIAN/VALLE

ANDREA PENA OLMOS,

    Plaintiff,

v.

MOSS & ASSOCIATES, LLC,

    Defendant.
_____/

## JOINT SCHEDULING REPORT

Plaintiff Andrea Pena Olmos and Defendant Moss & Associates, LLC (Plaintiff and Defendant, collectively "Parties" and individually, "Party"), by and through undersigned counsel, having met and conferred through their respective counsel on December 29, 2025, and pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 16.1, and this Court's Order Requiring Scheduling Report (ECF No. 7), hereby respectfully submit the following Joint Scheduling Report and Joint Proposed Scheduling Order.

## RULE 16.1(b) SCHEDULING REPORT

The information required under the eleven subsections (A) through (L) of Local Rule 16.1(b)(2) is discussed below.

    **A.    Discussion of the likelihood of settlement:**

The Parties have had discussions regarding settlement and will continue to engage in settlement discussions to ascertain if settlement is feasible. If a settlement is reached, the Parties will promptly notify the Court.

**B.      Discussion of the likelihood of appearance in the action of additional parties:**

Because discovery has just begun, the Parties cannot yet determine the likelihood of the appearance of additional parties. At this time, neither Party anticipates the appearance of additional parties, and Plaintiff is not seeking to certify a class.

**C.      Discussion of proposed limits on the time:**

The Parties propose the following pretrial discovery schedule, which is based on the Standard Case Management Track pursuant to S.D. Fla. L.R. 16.1(a)(2)(B):

| Date | Event |
|---|---|
| 1/30/2026 | Mandatory Initial Disclosures (pursuant to Fed. R. Civ. P. 26(a)(1). |
| 2/27/2026 | Deadline to select a mediator. |
| 5/4/2026 | Deadline to add parties or to amend pleadings. |
| 8/14/2026 | Deadline to complete fact discovery |
| 5/15/2026 | Deadline to furnish opposing counsel with a written list containing the names and addresses of all fact witnesses intended to be called at trial. |
| 7/27/2026 | Deadline for parties to exchange expert witness lists, along with the summaries/reports required by Fed. R. Civ. P. 26(a)(2). |
| 8/24/2026 | Deadline for parties to exchange rebuttal expert witness summaries and reports. |
| 9/25/2026 | Deadline to complete expert discovery. |
| 11/2/2026 | Deadline to file summary judgment motions and other dispositive motions. |
| 11/9/2026 | Deadline to complete mediation. |
| 2/5/2027 | Deadline for pretrial motions and memoranda of law, including *Daubert* motions. |
| 3/24/2027 | Deadline for joint pretrial stipulation in accordance with Local Rule 16.1, proposed jury instructions and/or proposed findings of fact and conclusions of law. |

| | |
|---|---|
| TBD[1] | Pretrial Conference. |
| 3/12/2027 | Deadline to file deposition designations |
| 4/5/2027[2] | Trial term begins |

**D.     Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment:**

The Parties agree to make good faith efforts to formulate and simplify the issues as the case progresses and such issues become apparent. If necessary, at the end of discovery, Plaintiff and Defendant will amend the pleadings to dismiss or withdraw any claims or defenses that are no longer appropriate. It is also proposed that the issues in this case may be simplified through motions for summary judgment, and motions in limine.

**E.     The necessity or desirability of amendments to the pleadings:**

At this time, the Parties are unsure as to whether the pleadings will need to be amended. If the Parties determine that they may need to amend their pleadings based on discovery, they will do so in accordance with the schedule established herein or with the Court's permission. The Parties reserve their right to oppose any such motion to amend the pleadings.

**F.     The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence:**

The Parties are not presently aware of the need to obtain admissions or stipulations, or to determine the potential need for advance rulings on admissibility from the Court. They agree that admissions/stipulations regarding underlying facts and the authenticity of certain documents are

---

[1] To be determined based on the Court's availability in advance of trial.
[2] Or such date determined by the Court.

possible and desirable. Plaintiff and Defendant agree to cooperate in good faith to identify the facts and documents regarding which there is no dispute and prepare appropriate stipulations. The Parties expect to reach an agreement regarding how to conduct electronic discovery, to the extent such electronic discovery is necessary.

**G.     Suggestions for the avoidance of unnecessary proof and of cumulative evidence:**

The Parties are not presently aware of any unnecessary proof or cumulative evidence that may be avoided. Plaintiff and Defendant will work toward avoiding unnecessary proof and obtaining stipulations regarding uncontested facts and authenticity of documents in advance of trial and further discuss the need for advance rulings regarding admissibility of evidence prior to trial. Plaintiff and Defendant will continue to work in good faith to narrow the issues for trial.

**H.     Suggestions on the advisability of referring matters to a Magistrate Judge or master:**

The Parties agree that discovery disputes may be referred to the Magistrate Judge in the Court's discretion. The Parties do not agree, at this time, that any other matters, including dispositive motions, should be referred to the Magistrate Judge. There do not appear to be any unique issues in this case, at this time, which would require a special master or Magistrate Judge.

**I.     A preliminary estimate of the time required for trial:**

At this preliminary stage in the litigation, Plaintiff and Defendant anticipate that the trial of this matter will take 5 days.

**J.     Requested date or dates for conferences before trial, a final conference, and trial:**

The Parties request a final pretrial conference and a trial during the two-week trial period as shown on section (C) above, subject to the convenience of the Court. The Parties' Joint Proposed Scheduling Order contains blanks for entry of dates certain by the Court, as per the Local Rules.

**K.     Any issues about: (i) disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced; (ii) claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert those claims after production – whether to ask the court to include in their agreement in an order under Federal Rule of Evidence 502; and (iii) when the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourt.gov) matters enumerated on the ESI Checklist.**

The Parties discussed the ESI Checklist at the Rule 26(f) conference. The Parties intend to work with each other and with any third parties to judiciously and efficiently resolve any objections that may arise without the need for a stay of discovery. The Parties do not currently anticipate that ESI will feature prominently in the discovery of this action, but if that changes, the Parties will negotiate an ESI protocol and order governing ESI discovery in the case. At this time, the Parties are not aware of any issues related to any of the items enumerated on the Court's ESI Checklist. The Parties will present their agreement and proposed order under Fed. R. Evid. 502, if necessary.

The Parties agree to comply with the claw-back provision set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Inadvertent disclosure of privileged information shall not constitute a waiver of privilege.

The Parties agree that discovery should be conducted as set forth in the Federal Rules of Civil Procedure and the Local Rules.

Pursuant to Local Rule 16.1(a)(4), the Parties recommend to the Court that this case should be assigned to the Standard Case Management Track as defined by Local Rule 16.1(2)(B).

The Parties, in accordance with Local Rule 26.1(e)(2)(C) of the Southern District of Florida, will not log written and oral communications between a party and its counsel after commencement of the action or work product material created after commencement of the action. The Parties anticipate that there may be disagreements about privilege assertions and will work in good faith to resolve any such disagreements before raising them with the Court. The Parties agree

to return to the producing party or destroy any materials claimed to be privileged or work product, without waiving their right to move to compel production of the materials, as soon as it is discovered that they were produced, without any need to show that the production was inadvertent.

**L.     Any other information that might be helpful to the Court in setting the case for status or pretrial conference:**

At present time, the Parties are not aware of any other information that might be helpful to the Court in setting the case for status or pretrial conference.

## DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(F)

**A.     What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The Parties will exchange initial disclosures no later than January 30, 2025.

**B.     The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues:**

Discovery will be needed on various matters including liability and damages. Fact discovery shall be completed by August 14, 2026. Expert discovery shall be completed by September 25, 2026. Discovery need not be conducted in phases.

**C.     Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The Parties will work to resolve any issues they have related to the disclosure, discovery, or preservation of electronically stored information. The Parties agree to produce electronically stored information in the form it is ordinarily maintained, or in a reasonably usable form, which may include native format with all available intact metadata when available.

**D.  Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

The Parties may file a motion for entry of a confidentiality and protective order, if necessary, including a stipulation and proposed order under Rule 502(d) and (e) of the Federal Rules of Evidence.

**E.  What changes should be made in the limitations of discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

The Parties plan to conduct discovery as permitted by the applicable rules and do not foresee a need for changes or limitations thereto at this time.

**F.  Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The Parties do not seek any orders at this time.

Dated: December 29, 2025

Respectfully Submitted,

*/s/ Brian H. Pollock*
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
**FAIRLAW FIRM**
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel: 305.230.4884
*Counsel for Plaintiff Andrea Pena Olmos*

*/s/ Diana N. Evans*
Diana N. Evans (Fla. Bar No. 98945)
Kaila B. Preston (Fla. Bar No. 1039120)
**BRADLEY ARANT BOULT CUMMINGS LLP**
1001 Water Street, Suite #1000
Tampa, FL 33602
T: (813) 559-5500 | F: (813) 229-5946
Primary Email:  dnevans@bradley.com
Primary Email:  kpreston@bradley.com

        Secondary Email:  tabennett@bradley.com
        Secondary Email:  mphilippe@badley.com
        *Counsel for Defendant Moss & Associates, LLC*