UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:25-CV-62279-DAMIAN/VALLE

ANDREA PENA OLMOS,

      Plaintiff,

vs.

MOSS & ASSOCIATES, LLC,

      Defendants.

_____/

## PLAINTIFF'S MOTION FOR EXTENSION OF PRETRIAL DEADLINES

Plaintiff, Andrea Pena Olmos, through undersigned counsel and pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Rule 7.1, respectfully requests a 60-day extension of the discovery deadlines set in the Court's Trial Order [ECF No. 14], as follows:

### Relevant Procedural History

1. On November 11, 2025, Plaintiff Andrea Pena Olmos filed her Complaint against Defendant Moss & Associates, LLC, asserting claims for sexual harassment/hostile work environment in violation of Title VII of the Civil Rights Act, retaliation in violation of Title VII of the Civil Rights Act, sexual harassment/hostile work environment in violation of the Florida Civil Rights Act, and retaliation in violation of the Florida Civil Rights Act. [ECF No. 1].

2. Defendant filed an Unopposed Motion for Extension of Time to Respond to Plaintiff's Complaint on December 4, 2025 [ECF No. 5], which the Court granted on December 5, 2025, extending the Defendant's deadline to respond until December 22, 2025. [ECF No. 6].

3. On December 29, 2025, the Parties filed their Joint Scheduling Report and Proposed Scheduling Order, proposing deadlines for discovery, expert disclosures, mediation, and

dispositive motions. Recognizing the extensive discovery required in this action, the Parties jointly proposed fact discovery deadlines of August 14, 2026, an expert discovery deadline of September 25, 2026, and a trial date of April 5, 2027. [ECF No. 10]

4.     On January 5, 2026, the Court entered its Trial Order [ECF No. 14], setting this matter for trial and establishing the deadlines governing the pretrial procedure, scheduling trial during the Court's two-week calendar beginning October 5, 2026, with the following relevant deadlines:

   a.   March 20, 2026: The Parties shall disclose experts, expert witness summaries, and reports;

   b.   April 17, 2026: The Parties shall exchange any rebuttal expert witness summaries or reports; and

   c.   May 15, 2026: The Parties shall complete all discovery, including expert discovery.

5.     The discovery cut-off and trial dates established by the Court were significantly less than what the parties had proposed for this case:

| Event | Proposed | Actual |
|---|---|---|
| Complete Discovery | August 14, 2026 | May 15, 2026 |
| Trial Period | April 5, 2027 | October 5, 2026 |

[*Compare* ECF Nos. 10, 14].

6.     Plaintiff promptly served her Disclosures required by Rule 26 and Local Rule 26.1 on Defendant on January 29, 2026, while also serving her Interrogatories and Requests for Production on Defendant the same day.

7.     Defendant served its Disclosures on Plaintiff the following day.

8.  On February 6, 2026, the Court entered its Discovery Procedures Order [ECF No. 19], establishing procedures for resolving discovery disputes.

9.  Defendant requested an extension of time to respond to the discovery Plaintiff served on it, ultimately serving its Responses to Plaintiff's Interrogatories on March 12, 2026, and its Responses to Plaintiff's Requests for Production on March 12, 2026.

10.  Defendant supplemented its production with its Privilege Log and Product Log, which it served on March 18, 2026.

11.  Plaintiff served an extensive conferral email on Defendant on April 13, 2026, to address the deficiencies in its responses and answers and the objections that were imposed.

12.  The Parties attended mediation on April 23, 2026, but the mediation resulted in an impasse [ECF No. 20].

13.  Defendant then deposed Ms. Pena Olmos on April 27, 2026.

14.  On April 29, 2026, Defendant provided its substantive responses to the conferral email (sent April 14, 2026), after which the parties conferred on the remaining discovery issues on April 30, 2026, including:

   a.  The discovery responses and objections identified in the email sent April 13, 2026, and

   b.  Plaintiff's request for a 60-day extension of the discovery and related deadlines.

15.  Following the parties' conferrals, Defendant supplemented and amended its discovery responses on May 8, 2026.

16.  Defendant also indicated that it would only agree to a two-week extension of the discovery deadline, to which the undersigned advised was tantamount to no extension given his absence from the jurisdiction (for a vacation with his family) from May 19-31, 2026.

## Basis/Need for Extension

17.     Plaintiff is before the Court because she served discovery on Defendant on January 29, 2026, to which Defendant fully responded (other than for any matters that may need the Court's involvement) on May 8, 2026.

18.     Plaintiff's counsel's practice is to take the depositions of the necessary personnel after receiving the necessary documentation, which often occurs *after* the opposing party has provided sufficient discovery responses and responsive materials, and *after* the undersigned has had an opportunity to review and evaluate the responsive information and materials.

19.     Herein, Plaintiff served her initial (and only) round of discovery on January 29, 2026, but did not receive what the Defendant contends to be full and complete responses until there was only one week left in the discovery period.

20.     Leaving one week for Plaintiff to take depositions in this case is inadequate and fails to account for the undersigned's responsibility to his other clients and matters pending in this Court, other courts, and other matters.

21.     Furthermore, the undersigned is scheduled to be out of the country with his family (including both children who have returned from college until the fall) from May 19-31, 2026.

22.     Plaintiff requested a 60-day extension of time to allow for time to return from his vacation, to address the state of affairs that will likely be present upon his return to the office, and to account for the schedules of counsel, the parties, and the witnesses.

23.     To this end, Plaintiff identified four individuals she sought to depose on May 4, 2026, while also indicating that she intends to designate areas of inquiry pursuant to Rule 30(b)(6) to allow the Defendant to designate the individual(s) with knowledge to appear and testify in response to the areas of inquiry.

24.     On Thursday, May 7, 2026, Defendant offered the following availability for three of the individuals to be deposed:

    a.   Monteverde: May 12 from 9am to 2pm

    b.   Wolfe: May 13 from 8am to 12pm

    c.   Cordova: May 14 after 11am or May 15

    d.   Townsend: unable to produce/needs to be subpoenaed.

25.     Due to the delayed receipt of the Defendant's discovery responses (on May 8, 2026), the undersigned's obligations and deadlines in other matters during the week of May 11-15, 2026, and his impending absence from the jurisdiction, Plaintiff will be unable to complete discovery (depositions) prior to the deadline imposed by the Court of May 15, 2026, notwithstanding attempts to comply with it.

26.     Plaintiff served discovery, seemingly with sufficient time to receive responses and address any inadequacies or objections, but the extension(s) given to the Defendant to respond pushed the discovery response deadline back, followed by a delayed response to the conferral attempt, necessitating the requested extension of the discovery period in this case.

27.     The requested 60-day extension is modest and necessary to allow the parties sufficient time to complete supplemental written discovery, take the depositions of the remaining individual witnesses, and complete the deposition of Defendant's corporate representative. The requested extension will not prejudice Defendant and will not promote resolution of this matter on its merits.

28.     Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Federal Rule of Civil Procedure 6(b)(1) further provides that "[w]hen an act may or must be done within a specified

time, the court may, for good cause, extend the time… if a request is made before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1).

29.     The requested extension is supported by good cause, as set forth above.

30.     Courts have long recognized their inherent authority to manage their dockets "with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997).

31.     Accordingly, Plaintiff respectfully requests that this Court extend the deadline to complete all discovery from May 15, 2026, to June 29, 2026, and grant such other and further relief as the Court deems just and proper.

WHEREFORE Plaintiff, Andrea Peña Olmos, requests that the Court enter an Order granting her request to extend the discovery period in this case by 60 days and to extend all related deadlines based on the good cause shown above.

## LOCAL RULE 7.1 CERTIFICATION

Counsel for the movant conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and represents that Defendant would only agree to extend discovery by 15 days, but not to the relief requested above (*i.e.*, not to extend by 60 days).

Respectfully submitted this 12th day of May 2026,

Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, FL 33146
Tel:     305.230.4884
*Counsel for Plaintiff*