UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:25-CV-62279-DAMIAN/VALLE

ANDREA PENA OLMOS,

      Plaintiff,

v.

MOSS & ASSOCIATES, LLC,

      Defendant.

_____/

## DEFENDANT MOSS & ASSOCIATES, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF PRETRIAL DEADLINES (ECF No. 21) AND INCORPORATED MEMORANDUM OF LAW

At minimum, Plaintiff has had three and half months to schedule the depositions identified as the basis for Plaintiff's Motion for Extension of Pretrial Deadlines. Indeed, almost every individual sought for deposition was identified by Plaintiff in her initial disclosures, served on January 29, 2026, as a known individual "likely to have discoverable information that the Plaintiff may use to support her claims or defenses." However, despite having knowledge and awareness of these individuals from this matter's inception, Plaintiff waited until April 29, 2026—two and a half weeks before the close of discovery—to request or even mention scheduling *any* depositions. Even in light of the last-minute nature of Plaintiff's request, Moss dutifully worked to provide dates for most of the requested depositions within the prescribed discovery period and prepare its witnesses. Nonetheless, Plaintiff ignored all such efforts, declining to even respond to Moss's scheduling emails, and instead filed the instant motion, stating for the first time that scheduling any depositions during the remaining discovery would be impossible due to Plaintiff's counsel's unspecified "other" responsibilities.

A sixty-day extension of the pretrial deadlines, which would necessitate moving the trial date,[1] would prejudice Moss, who has dutifully worked to defend Plaintiff's baseless claims within the prescribed deadlines, and the extension would place the trial in the heart of the holiday season when witnesses and jurors will undoubtedly be hard to secure, likely leading to yet another continuance. For these reasons, Plaintiff's motion should be denied.

## FACTUAL BACKGROUND

1.      On January 29, 2026, Plaintiff served her initial disclosures in which she identified the following individuals as "likely to have discoverable information that the Plaintiff may use to support her claims or defenses":

   a.  Melissa Monteverde

   b.  Kali Townsend

   c.  Nicholas Wolfe

   d.  Moss's Corporate Representative

2.      Moss served its initial disclosures the following day and identified some of the same individuals as "having discoverable information." Accordingly, Plaintiff could have at least requested to *schedule* these depositions at the outset of this case but declined to do so.

3.      Instead, Plaintiff propounded 20 Interrogatories and 51 Requests for Production on Moss, to which Moss served responses on March 12, 2026, after seeking only a brief 10-day extension. Yahara Cordova, the fifth deposition Plaintiff requested during the discovery meet and

---

[1] Plaintiff's motion does not specifically reference a continuance of the trial date itself even though it requests that the Court "extend the discovery period in this case by 60 days and to extend all related deadlines." (ECF No. 21 at 6). However, common sense dictates that under the current scheduling order (ECF No. 14), moving the discovery deadline and other pretrial deadlines by 60 days would necessarily require moving the trial to accommodate the updated pretrial deadlines and allow the Court adequate opportunity to resolve any pretrial motions in advance of the October 2026 trial docket. For example, if discovery closes on July 14, 2026, as requested by Plaintiff, and dispositive motions are due two weeks later on July 29, 2026, the Court will have only about 8 weeks to resolve dispositive motions in advance of trial. Thus, Plaintiff's motion is, in its essence, a motion to extend all the deadlines, including trial.

confer on April 30, 2026, was identified in the documents Moss produced in a small supplemental production on March 18, 2026.

4.      On March 19, 2026, Moss, despite not yet having received Plaintiff's discovery responses, sought deposition dates for Plaintiff in April 2026. Again, at this point, Plaintiff too could have sought to schedule any of the depositions but declined to do so.

5.      Instead, Plaintiff waited about a month to even review Moss's discovery responses, ultimately sending a lengthy conferral email on April 13, 2026, in which she raised unsubstantiated objections to significant portions of Moss's discovery responses. Though Moss found these objections to be baseless and its responses appropriate in light of the discovery requests as framed, it worked in good faith with Plaintiff to resolve the issues between the parties without court intervention, ultimately serving amended discovery responses on May 8, 2026.

6.      In the interim, Moss deposed Plaintiff on April 27, 2026. Notably, though Plaintiff's discovery responses were due April 17, Moss permitted Plaintiff a seven-day extension as a professional courtesy even though it meant that Moss ultimately received Plaintiff's partial discovery responses just three days before her deposition and received a supplemental discovery production weeks after on May 6, 2026.

7.      On April 28, 2026, Plaintiff finally requested the depositions of Melissa Monteverde, Kali Townsend, Nicholas Wolfe, and Moss's Corporate Representative (without providing any topics)—with discovery set to close on May 15, 2026. On April 30, 2026, Plaintiff's counsel also requested to depose Yahara Cordova. Despite this short window, Moss dutifully worked to confirm most of its witnesses' availability and provided potential deposition dates for all four fact witnesses.

3

8.    On May 4, 2026, Moss asked Plaintiff to propose dates and provide a list of topics for the corporate representative deposition so Moss could designate same. Plaintiff never provided either.

9.    On May 6, 2026, Moss provided initial blocks of availability for the witnesses and inquired about Plaintiff's intended length for each of the depositions. Moss received no response.

10.    On May 7, 2026, Moss sent a follow up email providing a proposed scheduled for the fact witness depositions, all of which were to occur from May 12–May 15 (i.e. before discovery cut-off) and advised that the depositions would need to be conducted over Zoom due to the nature of the scheduling. Moss again received no response.

11.    On Friday, May 8, 2026, Moss sent yet another email asking Plaintiff to confirm by 12:00 p.m. Monday, May 11, 2026, which of the proposed depositions, if any, would be going forward that week. To date, Plaintiff has not responded to that email and never provided a list of topics for the corporate representative deposition.

12.    Instead, on May 12, 2026, Plaintiff filed her Motion to Extend Pretrial Deadlines, arguing that the ten-day extension provided to Moss in March 2026 and Moss's subsequent good faith effort to resolve Plaintiff's discovery concerns after Plaintiff's month-long delay in reviewing Moss's responses necessitate the case deadlines, which necessarily includes trial, be pushed back *two months*. ECF No. 21.

13.    Moss, however, opposed anything beyond a two-week extension of the discovery and dispositive motion deadlines, as any further extension would require that the trial date be moved, an outcome Moss opposed based on its compliance with the scheduling order (ECF No. 14).

14.     Based on the content and timing of Plaintiff's motion, it is clear Plaintiff delayed even attempting to fit any of the requested depositions into the discovery window under the assumption this Court would grant an extension. Such behavior should not be rewarded.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order may be modified "*only for good cause* and with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis added). "To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence." *Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 68, 685 (11th Cir. 2013); *see also Romero v. Drummond Co.*, 552 F.3d 1303, 1319 (11th Cir. 2008) ("To establish good cause, the party seeking the extension must have been diligent."). Notably, "the moving party *cannot establish the diligence necessary to show good cause if it had full knowledge of the information before the scheduling deadline passed* or if the party failed to seek the needed information before the deadline." *Williams v. Blue Cross & Blue Shield of Fla., Inc.*, No. 3:09CV225/MCR/MD, 2010 WL 3419720, at *1 (N.D. Fla. Aug. 26, 2010) (citing *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1242–43 n.3 (11th Cir. 2009)) (emphasis added). Indeed, "[a] finding of lack of diligence on the part of the party seeking modification ends the good cause inquiry." *Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002).

Similarly, Local Rule 7.6, regarding continuances of trials, provides: "A continuance of any trial . . . will be granted only on *exceptional circumstances*." S.D. Fla. Loc. R. 7.6 (emphasis added). Local Rule 7.6 also requires that a motion to continue a trial must be "supported by affidavit setting forth a full showing of good cause." *Id.*

As an initial matter, Plaintiff's motion should be denied because Plaintiff failed to submit an affidavit in support of the motion as required by Local Rule 7.6. As discussed above, Plaintiff's

request to extend the pretrial deadlines by 60 days is, in essence, a motion to continue the trial deadline. Because Plaintiff did not provide an affidavit in support of her motion, this defect is fatal to the motion. *See Flosports, Inc. v. Loud & Live Fitness, LLC*, No. 21-21740-CIV, 2022 WL 3682068, at *2 (S.D. Fla. Feb. 18, 2022) (recognizing that failure to comply with Local Rule 7.6's affidavit requirement is "detrimental" to a motion to extend a trial deadline); *see also McClean v. GMAC Mort. Corp.*, No. 06-22795-CIV, 2008 WL 938894, at *1–2 (S.D. Fla. April 7, 2008) (denying motion for extension of time, in part, for failure to file a supporting affidavit).

Beyond this procedural defect—which is dispositive of Plaintiff's motion—Plaintiff had full knowledge regarding most of the individuals she wished to depose from the inception of this case. Still Plaintiff did not seek to even schedule these depositions until two and a half weeks before the close of discovery. The fact that the parties were engaged in discussions regarding Moss's written discovery responses is not a reasonable basis for Plaintiff to have delayed requesting or scheduling depositions. *See Martinez v. D2C, LLC*, No. 23-21394-CIV, 2024 WL 1254376, at *3 (S.D. Fla. Mar. 25, 2024) (finding that an extension of case deadlines was not warranted based on discovery discussions between counsel where the moving party failed to demonstrate that that those discussions had any bearing on the depositions at hand). Plaintiff's mere assertion that written discovery had to be closed out before it could schedule or take any deposition is wholly unsupported and does not demonstrate good cause.

Accordingly, as a matter of law, Plaintiff has failed to show diligence, and her motion should be denied. *MedFirst Corp. v. Cmty. Health Plan of the Rockies, Inc.*, 143 F. App'x 146, 151 (11th Cir. 2005) (upholding the trial court's denial of a joint motion to extend the discovery deadline where the parties did not attempt to schedule depositions until mere weeks before the close of discovery); *Weiss v. City of Gainesville, Fla.*, 462 F. App'x 898, 912 (11th Cir. 2012)

(upholding trial court's denial of the plaintiff's request to enlarge the discovery period where the plaintiff waited until roughly a month before the close of discovery to follow up on a deposition request); *Rashada v. Hathcock*, No. 3:24CV219-MCR-HTC, 2025 WL 4644423, at \*3 (N.D. Fla. Dec. 9, 2025) (denying the parties' discovery extension request where no reasonable efforts to discuss a deposition schedule had been made); *Stephens v. Alltran Fin.*, LP, 325 F.R.D. 711, 712–13 (N.D. Ga. 2018) (denying the defendant's motion to extend the discovery period where the defendant waited until four days before the close of the discovery period to notice the plaintiff's deposition).

Finally, granting Plaintiff's request would push the trial of this matter into the heart of the holiday season when witnesses are unlikely to be available and juror availability likely to be limited, thus necessitating a further extension. Such events would prejudice Moss who has dutifully defended this case and prepared its witnesses for an October trial. For this reason, the motion should be denied. *See Compass iTech, LLC v. eVestment All.*, LLC, 14-81241-CIV, 2017 WL 1290849, at \*3 (S.D. Fla. Mar. 24, 2017) ("A district court is not obligated to extend the discovery deadline, and may hold litigants to the clear terms of the scheduling order.") (internal quotations removed).

## CONCLUSION

For the reasons stated herein, Plaintiff's Motion to Extend Pretrial Deadlines should be denied.

Dated: May 18, 2026

Respectfully Submitted,

/s/ Diana N. Evans
Diana N. Evans (Fla. Bar No. 98945)
Kaila B. Preston (Fla. Bar No. 1039120)
**BRADLEY ARANT BOULT CUMMINGS LLP**
1001 Water Street, Suite #1000
Tampa, FL 33602
T: (813) 559-5500 | F: (813) 229-5946
Primary Email:  dnevans@bradley.com
Primary Email:  kpreston@bradley.com
Secondary Email:  tabennett@bradley.com
Secondary Email:  mphilippe@badley.com

*Counsel for Defendant Moss & Associates, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 18, 2026, I served the foregoing, via email, to all counsel of record.

/s/ Diana N. Evans
Diana N. Evans
*Attorney for Defendant Moss & Associates, LLC*
