UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:25-CV-62279-DAMIAN/VALLE

ANDREA PENA OLMOS,

       Plaintiff,

v.

MOSS & ASSOCIATES, LLC,

       Defendant.

_____/

## JOINT MOTION FOR EXTENSION OF PRETRIAL DEADLINES AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Federal Rules of Civil Procedure 16(b) and Local Rules 7.1 and 7.6, Plaintiff Andrea Pena Olmos ("Plaintiff") and Defendant Moss & Associates, LLC ("Moss") (collectively the "Parties") submit this Joint Motion for Extension of Pretrial Deadlines. In support thereof, the Parties state as follows:

1.      Plaintiff initiated this employment action on November 11, 2025, alleging claims of sexual harassment/hostile work environment and retaliation against her former employer, Moss. [ECF No. 1].

2.      On May 12, 2026, Plaintiff sought an extension of this matter's discovery deadline to complete needed depositions in this matter, and which Defendant opposed. [ECF Nos. 21, 22].

3.      On May 27, 2026, this Court granted the motion and extended this matter's discovery deadline until June 19, 2026, and further admonished that the Parties should "work together to timely complete depositions and written discovery." [ECF No. 23].

4.      The Parties now **agree** that a 40-day extension of discovery is necessary, as explained in more detail, below.

1

5.      The Parties have since worked together, endeavoring to complete the remaining discovery within the extended deadline established by the Court.

6.      In this regard, Plaintiff deposed three of Defendant's employees, but additional depositions remain that need to be scheduled and completed.

7.      In the course of Defendant's preparation for and the Plaintiff's conduct of these three depositions, additional responsive documents were identified and located by Moss personnel during the last week of the discovery period.

8.      Moss has since produced these additional responsive documents to Plaintiff. However, due to the contents and the timing of the supplemental production, the Parties agree that additional time is needed for Plaintiff to analyze the supplemental production, resume the depositions of one current Moss employee (to interrogate her about some of the supplemental production), and complete further depositions which could not be scheduled in the remaining two days of the discovery period.

9.      Additionally, the Parties have been unable to coordinate the scheduling of the remaining depositions during the discovery period or to confer regarding topics for the deposition of Defendant's corporate representative(s) under Rule 30(b)(6) due to counsels' schedules, obligations in other matters, and the other ongoing depositions previously set in this matter.

10.     Accordingly, the Parties respectfully request this Court extend the discovery period and remaining case management deadlines, including trial, by 40 days.

11.     This motion is not meant to delay, but rather to assist the Parties in working through this case in a professional manner, including completing discovery, with minimal court intervention. **Ex. 1**, Affidavit of D.Evans.

12. The Parties have requested the minimum amount of time estimated as necessary to complete the remaining discovery, and, even with the requested extension, this matter will still be tried in approximately 12 months.

### MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 16(b), this Court may modify this matter's scheduling order upon a showing of "good cause." Fed. R. Civ. P. 16(b)(4). Good cause is established when the deadlines of the case management order cannot be met despite the parties' due diligence. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). Furthermore, Local Rule 7.1 provides that a continuance may be granted if written notice is: (1) "served and filed at the earliest practical date" and (2) "supported by affidavit setting forth a full showing of good cause." Here, the Parties have supported their motion with an affidavit. *See* Ex. 1. S.D. Fla. L.R. 7.6.

Moreover, there is good cause to grant the Parties' request to extend the discovery period and subsequent case management deadlines by 40 days because the discovery of new evidence, unrelated to any party's lack of due diligence, necessitates further depositions that are unable to be completed in the remaining time of the discovery period. Furthermore, a brief 40-day extension will not dramatically change this matter's case management track and will still result in a trial within approximately 12 months.

In *Damian v. Melton*, the court found there was good cause to grant the defendant's request for an extension of the discovery deadline by three months under Rule 16(b) because the defendant had been diligent during the discovery period and the extension "would grant Defendants the opportunity to meaningful review Plaintiff's [recent] productions in light of key depositions that need to be taken." No. 1-22-CV-22606-KING, 2024 WL 3650418, at *1 (S.D. Fla. Mar. 28, 2024).

3

In the court's view, amending the scheduling order was in the "best interest of the parties" and "[would] provide for a fully developed record, and thus, a fair trial." *Id.* at 2.

Here, a nearly identical situation has arisen. As in *Damian*, this matter's docket reflects that the Parties have been diligent throughout the discovery period. However, through no lack of due diligence, additional responsive discovery has recently been identified (and produced), necessitating further depositions. Therefore, an extension of the discovery deadline is in the best interest of the Parties as it would provide the Parties an opportunity to complete these key depositions, thus ensuring a fully developed record and fair trial. Furthermore, the requested extension is not meant to unnecessarily delay this matter, will not prejudice either party, and is nearly two months shorter than that requested in *Damian*. *Id.*; *see also Hughes v. Centurum*, Inc., No. 2:21-CV-820-JLB-KCD, 2023 WL 12171370, at *2 (M.D. Fla. Mar. 14, 2023) (finding extension of the case management deadlines was appropriate to avoid forcing depositions of witnesses at the very end of the discovery period as this "effectively prevents the pursuit of discovery leads that might be revealed during questioning."); *Island Roofing & Restoration LLC v. Empire Indem. Ins. Co.*, No. 2:21-CV-211-JLB-KCD, 2023 WL 6291989 (M.D. Fla. Mar. 6, 2023) ("[G]iven the parties agree that more time is needed for discovery, the Court will exercise its inherent discretion and extend the case management deadlines by 90-days as requested.").

## **CONCLUSION**

For the reasons stated herein, the Parties respectfully request that the Court enter an Order granting their request to extend the discovery deadline and remaining case management deadlines in this matter by 40 days based on the good cause shown above.

4

Dated: June 18, 2026

Respectfully Submitted,

/s/ Diana N. Evans

Diana N. Evans (Fla. Bar No. 98945)
Kaila B. Preston (Fla. Bar No. 1039120)
**BRADLEY ARANT BOULT CUMMINGS LLP**
1001 Water Street, Suite #1000
Tampa, FL 33602
T: (813) 559-5500 | F: (813) 229-5946
Primary Email:  dnevans@bradley.com
Primary Email:  kpreston@bradley.com
Secondary Email:  tabennett@bradley.com
Secondary Email:  mphilippe@badley.com

*Counsel for Defendant Moss & Associates, LLC*

/s/ Brian H. Pollock

Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, FL 33146
Tel: 305.230.4884

*Counsel for Plaintiff*

5

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 18, 2026, I served the foregoing, via CM/ECF, to all counsel of record.

/s/ Diana N. Evans
Diana N. Evans
*Attorney for Defendant Moss & Associates, LLC*